Battue, J.
 

 The
 
 scire facias
 
 and the pleadings thereupon in this case are so imperfect and defective, that the question relative to the discharge of the bail by reason of the amendment of the plaintiffs writ, which was intended to be presented in the Court below, and which has been mainly discussed in the argument here, cannot arise. There is no allegation in the
 
 scire facias
 
 of the bond by
 
 *235
 
 which the defendant, Shaw, became bound as the bail of Moore. It was merely recited, that he “ was bound as the bail for the appearance of Laurence Moore,” without stating that it was by bond, or that it was according to the provisions of the Act of the General Assembly, “ concerning bail in civil cases.” The defendant then had no opportunity of putting in any plea, by which the question of his discharge, on account of the alteration of the writ, could be presented. Had such an opportunity been offered him, his proper plea would have been that of
 
 non est factum :
 
 for, upon the trial of the issue arising upon that plea, the question could have been distinctly presented, whether a bail bond given in a suit brought in the name of John Smith
 
 &■
 
 Co. could sustain a declaration upon the
 
 scire facias,
 
 reciting a bond executed in a suit brought and prosecuted to judgment by John Smith, Joseph P. Smith and William G. Smith, trading and acting under the name and style of John Smith & Co. And this, we think, must have been decided against the plaintiffs.
 
 Bryan
 
 v.
 
 Bradley,
 
 1 Tayl. Rep. 77,
 
 Levett
 
 v.
 
 Kibblewhite,
 
 6 Taun. Rep. 483, (1 Eng. C. L. Re. 459)
 
 Tidd’s Practice
 
 294, 450,
 
 Petersdorff on Bail
 
 417, But as the point does not arise, we do not decide the case upon it. Upon an inspection of the record brought before us by the appeal of the defendant, it appears that judgment was rendered against him according to the
 
 scire facias
 
 for #117 44, of which sum #73 44 is principal money. That judgment cannot be sustained. The
 
 scire facias
 
 (and of course the declaration which must conform to it) is fatally defective, both in form and substance. Besides not setting forth how the defendant became bound as the bail of Moore, it does not recite the cause of action, nor even the Court, in which the judgment against the said Moore was obtained. These are certainly essential statements; and for the want of them the judgment must be arrested. The judgment' rendered against the
 
 *236
 
 defendant in the Superior Court is therefore reversed, and judgment in this Court is arrested.
 

 Per Curiam. Judgment arrested.